NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1647-15T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

GARY C. JACQUES,

 Defendant-Appellant.
____________________________

 Submitted September 26, 2017 – Decided October 18, 2017

 Before Judges Reisner and Mayer.

 On appeal from the Superior Court of New
 Jersey, Law Division, Mercer County,
 Accusation No. 05-04-0307.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Karen A. Lodeserto, Designated
 Counsel, on the brief).

 Angelo J. Onofri, Mercer County Prosecutor,
 attorney for respondent (Randolph E. Mershon,
 III, Assistant Prosecutor, on the brief).

PER CURIAM

 Defendant Gary C. Jacques appeals from a June 26, 2015 order

denying his petition for post-conviction relief (PCR). We affirm.
 The trial evidence is detailed in the PCR judge's opinion and

in our opinion affirming defendant's conviction for robbery and

burglary on direct appeal. State v. Jacques, No. A-0662-06 (App.

Div. July 9, 2010), remanded, 212 N.J. 490 (2011).1 We summarize

the most pertinent facts. While committing a burglary, armed with

a knife, defendant was confronted by the homeowner, who chased him

outside, struggled with him, and pulled off defendant's

sweatshirt. Defendant ran away, with the victim in pursuit, but

was quickly apprehended by the police.

 The victim told the police that the perpetrator was wearing

an olive green t-shirt under the sweatshirt.2 When the police

searched defendant's home, they found a t-shirt matching that

description. After returning home, the victim found a jacket in

his kitchen and some jewelry; neither the jewelry nor the jacket

belonged to the victim. At trial, the State relied heavily on

eyewitness identifications made shortly after the crime occurred.

The State also relied on evidence that defendant tried to bribe a

1
 The Supreme Court remanded the matter to the trial court to
correct the judgment of conviction and to reconsider the period
of parole supervision imposed. Ibid.
2
 A woman witness, who saw defendant struggling with the victim,
also testified that defendant was wearing a green t-shirt. She
testified that after defendant ran away with the victim chasing
him, she found a jacket with jewelry in the pocket near the scene.
She folded the jacket and brought it to the home of the victim,
who was her neighbor.

 2 A-1647-15T2
witness. The State did not have any of the garments tested for

DNA, and defense counsel used the absence of DNA evidence to attack

the State's case.

 In support of defendant's PCR petition, his PCR counsel

obtained a court order to have the various clothing tested for

DNA. Defendant's DNA was not found on the inside cuffs of the

sweatshirt or the jacket, although the DNA of several other unknown

persons, including a woman, were found on the garments. However,

he was a likely contributor to the DNA on the inside collar of the

olive green t-shirt. In his opinion, the PCR judge reasoned that

the DNA evidence, even if presented to the jury, would not have

changed the outcome of the trial. The judge also inferred that

trial counsel did not have the garments tested for DNA as a matter

of strategy, so that he could attack the State's case without

taking the risk that testing would reveal defendant's DNA on the

garments.

 On this appeal, defendant raises the following point of

argument:

 POINT ONE: DEFENDANT IS ENTITLED TO AN
 EVIDENTIARY HEARING BECAUSE TRIAL COUNSEL WAS
 INEFFECTIVE IN FAILING TO CONDUCT DNA TESTING
 ON THE RECOVERED CLOTHING PRIOR TO TRIAL.

 3 A-1647-15T2
Having reviewed the record in light of the applicable legal

standards, we affirm substantially for the reasons stated by the

PCR judge. We add these comments.

 The trial record supports a conclusion that trial counsel

refrained from having the garments tested as a matter of trial

strategy. Moreover, the strategy was a wise one, because DNA

testing would have been a two-edged sword. Even if defendant's

DNA was not found on the sweatshirt, or on the jacket, there was

evidence of his DNA on the t-shirt, which was the garment the

burglar wore closest to his body. Further, because a woman witness

handled the jacket, the fact that a woman's DNA was on the garment

would not have affected the outcome of the trial. Finally, the

DNA found on the jacket and sweatshirt was never matched to anyone

else, much less anyone who might have committed the burglary.

 In order to present a prima facie case of ineffective

assistance of counsel, defendant needed to produce legally

competent evidence that his attorney was ineffective and that

counsel's substandard representation prejudiced the defense. See

Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,

2064, 80 L.Ed. 2d 674, 693 (1984); State v. Fritz, 105 N.J. 42,

58 (1987). Because defendant did not present a prima facie case

on either prong of the Strickland test, he was not entitled to an

 4 A-1647-15T2
evidentiary hearing. See State v. Preciose, 129 N.J. 451, 463-64

(1992).

 Affirmed.

 5 A-1647-15T2